## MOORE vs. THOMPSON.

In an action on a negotiable note by the payee against the maker, a plea in bar, which amounts to an averment or admission of fraud on the part of plaintiff, defendant, and a stranger, with a view to defeat the rights of the creditors of the latter, is bad, as tending an issue foreign to the case.

Error to Circuit Court of St. Louis county.

*Allen and Polk for Plaintiff in Error.*

That the said second plea of defendant is good in law, and the demurrer thereto ought to have been overruled by the court below. Perkins vs. Parker, 1 Mass. Rep. 117. Stevens vs. Gaylord, 11 do. 265. Hull vs. Blake, 13 do. 153. Foster vs. Jones, 15 do. 185. Attachment law, Rev. code, page 77, at the last clause of the 6th section, and at the 7th section.

MAY TERM
1840

Moore
vs.
Thompson.

*Bowlin for Defendant in Error.*

The only question that arises in this case is, did the court err in sustaining the demurrer to the plea? Chitty vol. I, 551–2; 556–7; 572–3.

*Opinion of the Court delivered by Napton Judge.*

Thompson sued Moore by petition in debt, on a negotiable note, expressing on its face to be for value received, negotiable and payable without defalcation. Defendant plead, first, nil debit; second, a special plea, the substance of which is as follows: That the note sued on was given in consideration of money left by one Richard W. Carter, and that the said note was made, by the direction of said Carter, in the name of said Thompson, with the intent, by said Carter and Thompson, of secreting the said money and effects from the creditors of said Carter; before the said money became payable, according to the terms of said note, he, the said defendant, was summoned as garnishee, in an action in the said St. Louis circuit court, commenced by Samuel H. Peake against William C. Hull and Richard W. Carter; and was also summoned as garnishee, in an action, in the same court, brought by William Redmond against said Hull and Carter; all which writs were returnable to the July term of the same court; and the sums, in the said several writs demanded, exceeded the amount of the said promissory note: all which said several writs and actions were then pending in said court, undetermined.

To this second plea there was a demurrer. and the court rendered judgment for the plaintiff on the demurrer.

In an action on a negotiable note by the payee against the maker, a plea in bar, which amounts to an averment or admission of fraud on the part of plaintiff, defendant and a stranger, with a view to defeat the rights of

That fraud is a subject within the reach of a court of law, as completely and effectually as it could be reached in equity, is understood to be well settled. This plea, however, amounts to an admission, or averment of fraud, on the part of Carter, plaintiff, and defendant, with a view to defeat the rights of certain persons who were creditors of Carter. This plea, if issuable at all, would put in issue the existence of debts due by Carter, and the various rights which his creditors might have on his fund. This issue seems to be totally foreign to this case. Let the defendant in this case pay according to his contract, and the creditors of Carter have

their remedy, if they can establish the fraud alledged in this plea. The defendant deserves no special favor or protection, nor the plaintiff either, if the facts stated in this plea be true, but the truth of these averments is not properly triable in this suit. Judgment affirmed.